them, it is the settled law that the drawer cannot object to want of notice, or to irregularities in presenting the bill, and having it protested. This being so as to the drawer, the reason of the rule is equally applicable to the indorser. He cited 1 Term R. 167, 405, 409; 1 Bos. & P. 652; 2 Bos. & P. 277; 7 East, 359; 12 East, 171; 2 Term R. 713; Chit. 151; 5 Term R. 239; 1 Selw. N. P. 291; Brown v. Barry [3 Dall. (3 U. S.) 365], and Clark v. Russel [7 Cranch (11 U. S.) 69], in the supreme court of the United States.

Gibson, for defendant, insisted that the reasons which dispensed with notice as against the drawer, were inapplicable to the indorser; and that no case had gone so far as to apply the rule to him. He cited Peake, 202; [French v. Bank of Columbia] 4 Cranch [8 U. S.] 161; Brown v. Maffey, 15 East, 216; 4 Maule & S. 226; 4 Taunt. 731.

WASHINGTON, Circuit Justice. The naked question presented to the court is, whether in an action upon a protested bill of exchange against an innocent indorser, who paid full value for the bill, notice to him of the dishonour of the bill can be dispensed with, upon proof being made that the drawer had no effects in the hands of the drawee when the bill was drawn, nor a reasonable ground to expect that it would be paid? The general rule in respect both to the drawer and indorsers, is, that notice to them or such of them as the holder means to look to is an essential condition which he is bound to perform to entitle him to recover against them. The reason is, that those persons may respectively have an opportunity to obtain payment or security from those to whom they have a right to look for indemnity. That the drawer and indorsers are prejudiced by an omission to give such notice, is a presumption of law. The case of Bickerdike v. Bollman, 1 Term R. 405, for the first time made an exception to the rule, whilst it admitted the rule itself. That was an action against the drawer, and the court decided that if it appeared in evidence that he had no effects in the hands of the drawee at the time he drew the bill, notice was not necessary. This exception was qualified by subsequent cases so as to entitle even the drawer to notice if he had a reasonable ground to expect that his bill would be honoured, although he had no effects in the hands of the drawee. But no case has ever yet gone so far as to dispense with notice to the indorsers. And it is most obvious that the reason upon which the rule in Bickerdike v. Bollman proceeded, is inapplicable to the case of an indorser. A man who draws a bill when he knows that he has no right to do so, and then parts with it for a valuable consideration, is, to say the least of him, guilty of legal fraud, and consequently is not entitled to the benefit of notice. Besides, he cannot be injured from the want of it, as he has no person to look to but

the drawee, and therefore cannot suffer if he had nothing in his hands on which to draw. But what is all this to an indorser who has committed no fraud, actual or constructive; and who, having a claim to indemnity against every person upon the bill above himself, ought to be placed in a situation to secure himself if he can. Nevertheless, whilst the judges of England have been, and from the latest case, we find, are still murmuring at the decision in Bickerdike v. Bollman, which is confined to drawers, an attempt is now made to extend the exception to indorsers. In the case of Wilkes v. Jacks, Peake, 202, the existence of such an exception is denied, and that case, so far as we know, has never been overruled. It is true that in Sisson v. Tomlinson, 1 Selw. N. P. 291, Lord Ellenborough ruled, at nisi prius, that where the indorser has not given consideration for the bill, and knows at the time that the drawer has not effects in the hands of the drawee, he is not entitled to notice, as a bona fide holder for valuable consideration would be. This decision obviously proceeded on the ground of constructive fraud in the indorser, and would therefore be wholly inapplicable to this or similar cases; even if the authority of that case had not been shaken by the subsequent one of Brown v. Maffey, 15 East, 216. But the case of Leach v. Hewitt, 4 Taunt. 731, is still more in point; by deciding that though the indorser pay no consideration for the bill, but indorsed it merely as an accommodation to the drawer, he is nevertheless entitled to notice. Such too is the decision of the supreme court of the United States in the case of French v. Bank of Columbia, 4 Cranch [8 U. S.] 161. We are therefore of opinion that the law is in favour of the defendant.

RAMSAY (DIXON v.). See Cases Nos. 3,932 and 3,933.

RAMSAY (LEE v.). See Case No. 8,200.

RAMSAY (McKNIGHT v.). See Case No. 8,-868.

## Case No. 11,544.

### RAMSAY v. RIDDLE et al.

[1 Cranch, C. C. 399.][1]

Circuit Court, District of Columbia. April Term, 1807.

NUISANCE—INJUNCTION—BAKEHOUSE.

The court will not enjoin what may or may not be nuisance.

Motion to dissolve an injunction to restrain [Riddle & Thornton] from converting a wooden warehouse into a bakehouse.

F. L. Lee and C. Lee, for plaintiffs, in support of the injunction, cited 1 Fonbl. 29; Amb. 159; 2 Ves. Sr. 452; Amb. 209; 2 Brown, Ch. 64; Mitf. 103, 107; 3 Inst. 201;

[1] [Reported by Hon. William Cranch, Chief Judge.]

3 Bl. Comm. 216; Ld. Raym. 486; Wood, Inst. 538; Cro. Car. 366; 2 Show. 327; Strange, 1167; 12 Mod. 342; 16 Vin. 23.

E. J. Lee and Mr. Swann, contra, cited 4 Bl. Comm. 168; 1 Hawk. c. 75, § 12; 3 Bl. Comm. 219; Id. 5; 1 Hawk. c. 75; 3 Atk. 21; 12 Mod. 510; 3 Atk. 750; 1 Fonbl. 21, 29, 30; 4 Brown, Ch. 165; 2 Ves. Jr. 42; 16 Vin. 23; 2 Har. Ch. 237.

Mr. Jones, for plaintiffs, cited Fran. Max. 30; 1 Burrows, 334; 6 Mod. 145; Bac. Abr. tit. "Nuisance."

The injunction was dissolved without costs (nem. con.).

THE COURT said, if the house in fitting up, should not be well secured against danger from fire, it might be the ground of an injunction to prevent the use of it as a bakehouse.

RAMSAY (TRAVERS v.). See Case No. 14,-152.

RAMSAY (UNITED STATES v.). See Case No. 16,115.

## Case No. 11,545.

### RAMSAY v. WILSON.

[1 Cranch, C. C. 304.] [1]

Circuit Court, District of Columbia. May 10, 1806.

PRACTICE IN EQUITY— MOTION TO DISSOLVE INJUNCTION—TERM.

Notice of motion to dissolve an injunction, given on the first day of the term, is notice of a motion to be made at the next term.

Bill for injunction. Injunction granted out of court. The defendant's answer was filed on the first day of this term, 25th November, 1805, and indorsed "notice to dissolve."

E. J. Lee, for defendants, now (May, 10, 1806, being November term adjourned,) moved to dissolve.

THE COURT stopped him, and said the notice was not to this, but to the next term, and refused to hear it now.

RAMSDELL (COX v.). See Case No. 3,305.

## Case No. 11,546.

### RAMSEY et al. v. HERNDON.

[1 McLean, 450.] [2]

Circuit Court, D. Indiana. May Term, 1839.

JUDGMENT—RES JUDICATA—TRIAL ON MERITS.

1. Where a verdict has been rendered against the plaintiff, and a judgment thereon has been

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John McLean, Circuit Justice.]

entered, it is a bar to a suit for the same cause of action.
[Cited in Gray v. Gillilan, 15 Ill. 456, 458; Greenup v. Crooks, 50 Ind. 420. Cited in brief in Stevens v. Hughes, 31 Pa. St. 382.]

2. And a replication that the evidence was wholly insufficient to establish the claim, or that no evidence was offered or received by the court, will not avoid the bar.
[Cited in brief in Ford v. Hennessy, 70 Mo. 582; Spradling v. Conway, 51 Mo. 52. Cited in Vanlandingham v. Ryan, 17 Ill. 28.]

3. The plaintiff should have suffered a non suit, or moved for a new trial.

At law.

Mr. Ingram, for plaintiffs.

Mr. Howard, for defendant.

HOLMAN, District Judge. This is an action on the case founded on promises. The declaration alleges that the defendant made his certain note in writing, bearing date the 12th day of September, 1833, and thereby promised to pay the plaintiffs [Ramsey & Vattier], ninety days after date, the sum of $1,279.77 at the office of the Bank of the United States at Cincinnati, yet he had not paid, &c. The defendant pleads non assumpsit. And also that the plaintiffs heretofore instituted a suit against him in the Tippecanoe circuit court, for not performing the same identical promises and undertakings which are set forth in the declaration in this case; on which an issue of non assumpsit was joined. Which issue was tried by a jury regularly impanneled in said court, and a verdict found for the defendant. And a judgment thereon rendered in his favor for costs, &c. That said judgment remains in full force, &c. The plaintiffs reply to this plea, "that the promises and undertakings in the plaintiffs' declaration were not, nor was any part thereof before the jury as evidence in the trial of the cause mentioned in the defendant's said plea." To this replication the defendant demurs.

The question for our decision is whether under these circumstances, the plaintiffs are now barred from maintaining this action. The general principle of law, "Nemo bis vexari pro eadem causa," seems not to be controverted. That wherever a matter of litigation has been once adjudicated and determined by a competent tribunal, it precludes another action for the same demand. And this principle prevails, where a different form of action is resorted to in the second instance. As was the case in Cutter v. Cox, 2 Black [67 U. S.] 170. And Kitchen v. Campbell, 3 Wils. 304. Where the same evidence is required to support both actions, the decision of the one is a bar to the other, although the forms of the actions differ, and one is in tort, and the other in contract. It seems to be admitted by the plaintiffs, that if their evidence had been before the jury in the former action, that the judgment in that action, would have been a bar to this. But they contend inasmuch as they gave no evi-